```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

MELISSA HARRIS,                       :
                                      :
     Plaintiff,                       :
                                      :
V.                                    :     Case No. 3:13-cv-119(RNC)
                                      :
DCF, et al.,                          :
                                      :
     Defendants.                      :
```

                            RULING AND ORDER

Plaintiff Melissa Harris, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 against the Department of Children and Families ("DCF") and DCF social workers Erin Hubler, Jessica Ocasio and Regina Steperd alleging interference with her constitutional right to the custody of her children.[1]  The individual defendants have moved to dismiss the second amended complaint on the ground that it fails to state a claim on which relief may be granted.  The Court agrees that the action must be dismissed on this basis.[2]

---

[1] The claims against DCF were dismissed on May 15, 2013.

[2] Defendants argue that subject matter jurisdiction is lacking but the alleged violation of plaintiff's constitutional rights is within the jurisdiction conferred by 28 U.S.C. § 1331. Defendants also invoke the Rooker-Feldman doctrine, Younger abstention and 28 U.S.C. § 1257, pointing out that plaintiff is involved in a child custody case in Superior Court. Joshua Raymond v. Melissa A. Harris, HHD-FA-12-4060710-S, Family Division of the Superior Court of Hartford (Feb. 3, 2012). But plaintiff is not asking this Court to set aside a decision of the Superior Court and adjudicating her § 1983 claim does not risk interfering with the state case.

                                    1

The touchstone of an action brought under § 1983 is the deprivation of a right secured by the Constitution.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  To state a claim on which relief may be granted, a plaintiff must allege a "tangible connection between the acts of the defendants and the injuries suffered.  Johnson v. Newburgh England Sch. Dist., 239 F.3d 246, 254 (2d Cir. 2001).  Here, plaintiff fails to plead that defendants Ocasio or Steperd took any action to interfere with her constitutional rights.  Thus, any allegations against them are insufficient to state a claim on which relief may be granted under § 1983.

Plaintiff alleges that defendant Huber arranged to have plaintiff's children placed in the custody of a relative after plaintiff was involuntarily committed at a Hospital.  The Due Process Clause of the Constitution prevents a parent from being deprived of the custody of her child without a hearing "at a meaningful time and in a meaningful manner."  Armstrong v. Manzo, 380 U.S. 545, 552 (1965).  It is well established, however, that "government officials may remove a child from his or her parents' custody before a hearing is held where there is an objectively reasonable basis for believing that a threat to the child's health or safety is imminent."  Gottlieb v. Cty. of Orange, 84 F.3d 511, 520 (2d Cir. 1996) (citations omitted); see also Dietz v. Damas, 932 F. Supp. 431, 444 (E.D.N.Y. 1996) ("The law of this

Circuit, as well as of other federal courts, is clear that, constitutionally, no prior hearing is required to remove a child from parental custody in an emergency situation.").

Huber argues that it was objectively reasonable for her to believe that placing the children with a relative was justified under the circumstances alleged here.  The Court agrees.  The pleadings show that, at the time Huber arrived at the Hospital, the children were unattended.  Huber advised plaintiff to call someone to care for the children.  Under these facts, Huber's conduct was objectively reasonable.  Plaintiff's complaint thus fails to state a plausible claim that Huber violated her constitutional rights.

Accordingly, the motion to dismiss (ECF No. 32) is hereby granted.  The Clerk may close the file.

So ordered this 12th day of January 2015.


                                    /s/ RNC
                              Robert N. Chatigny, U.S.D.J.